# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

Nos. 02-1024 & 02-1285

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*


DEONCO A. HOWARD and EDWARD POINTER,

*Defendants-Appellants.*

_____

Appeals from the United States District Court
for the Eastern District of Wisconsin.
No. 92 CR 208—**Rudolph T. Randa**, *Chief Judge.*

_____

ARGUED SEPTEMBER 9, 2003—DECIDED DECEMBER 12, 2003

_____


Before CUDAHY, EASTERBROOK and RIPPLE, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Deonco Howard and Edward Pointer
("defendants") were each indicted on one count of bank
robbery, *see* 18 U.S.C. § 2113, and one count of using and
carrying a firearm to commit a crime of violence, *see* 18
U.S.C. § 924(c). On February 22, 1993, a jury found both de-
fendants guilty on each count. Mr. Howard was sentenced
to 108 months' imprisonment for count one and to 60 con-
secutive months' imprisonment for count two. Mr. Pointer
was sentenced to 232 months' imprisonment for count one
and to a consecutive 60 months' imprisonment for count

two. The defendants filed a motion to modify their terms of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based on retroactive sentencing guideline Amendment 599. On December 14, 2001, the district court denied the defendants' motions; this appeal followed. For the reasons set forth in the following opinion, we affirm the judgments of the district court.

# I
# BACKGROUND

## A. Facts

Deonco Howard and Edward Pointer were both convicted on one count of bank robbery, 18 U.S.C. § 2113, and one count of using and carrying a firearm to commit a crime of violence, 18 U.S.C. § 924(c). They were both sentenced under the 1992 United States Sentencing Guidelines Manual ("Guidelines"). The Guidelines section for the use of a firearm in violation of 18 U.S.C. § 924(c) in effect at the time of their conviction generally prohibited courts from applying specific offense characteristics "for the possession, use, or discharge of a firearm" to the "underlying offense." U.S.S.G. § 2K2.4, cmt. n.2 (1992). However, there was an exception to this prohibition

> where the maximum of the guideline range . . . adjusted under the procedure described in the preceding paragraph [prohibiting specific offense characteristics for the possession, use, or discharge of a firearm], plus the term of imprisonment required under 18 U.S.C. § 924(c) . . ., is less than the maximum of the guideline range that would apply to the underlying offense absent such adjustment.

*Id.* ¶ 2. In that event, with respect to the underlying offense, the general prohibition against specific offense characteris-

tics for the possession, use, or discharge of a firearm did not apply. Instead, the sentencing court was instructed that "the guideline range applicable to the underlying offense absent such adjustment[1] is to be used after subtracting the term of imprisonment imposed under 18 U.S.C. § 924(c) . . . from both the minimum and maximum of such range." *Id.*

In this case, the court, relying on the Presentence Investigation Reports ("PSR"), followed this exceptional method to compute the defendants' sentencing range because the preliminary calculation of the sentence had produced a sentence lower than the one that the defendants would have received if they had not been charged under 18 U.S.C. § 924(c). Implementing this special formula, the PSR started from a base offense level of 20 for the robbery count. Next, enhancements were applied for specific offense characteristics for: taking the property of a financial institution, § 2B3.1(b)(1); discharge of a firearm, § 2B3.1(b)(2); a victim sustaining bodily injury, § 2B3.1(b)(3); and loss exceeding $10,000, § 2B3.1(b)(6) (1992).[2] This methodology produced an applicable sentencing range from 292 to 365 months' imprisonment for Mr. Pointer and 135 to 168 months for Mr. Howard. Sixty months were then subtracted from these sentencing ranges to produce, with respect to the underlying offense, the final sentencing ranges of 232-305 and 75-108 months' imprisonment for Howard and Pointer, respectively. The court then added the mandatory 60 consecutive months required by § 924(c).

After the defendants were sentenced in 1993, the commentary to the Guidelines was amended to change the computa-

---

[1] That is, the omission of specific offense characteristics.

[2] In the current version of the Guidelines this section is found in § 2B3.1(b)(7).

tion method to be employed in such extraordinary situations. The amendment implementing this change in methodology, Amendment 489, was not made retroactive. *See* § 1B1.10. Under this new method, the specific offense characteristics for the possession, use, or discharge of a firearm for the underlying offense were not added to the base offense. Instead, the mandatory 60-month § 924(c) sentence was added immediately. If the resulting sentence was shorter than the one that would have been imposed in the absence of any § 924(c) offense, the district court could depart upward. However, it was not required to do so.

The commentary concerning this calculation procedure was again amended in November 2000 by Amendment 599, which was made retroactive. *See id.* Relying on this latter change, the defendants filed their 18 U.S.C. § 3582(c)(2) motions; they submitted that the earlier methodology had subjected them to impermissible double counting.

## B.  District Court Proceedings

In December 2001, the district court denied the defendants' motions for modification of sentence. The district court held that:

> the "double counting" problem posed by the 7-level enhancement for discharging a firearm combined with a 924(c) count had been identified, and the sentencing guideline rules in place at that time dealt with the problem by subtracting the 60 months for the 924(c) conviction from the 7-level "enhanced" guideline range, effectively nullifying the sentence for the 924(c) count.

R.125 (Pointer); R.126 (Howard). The district court therefore held that the double-counting problem had been addressed

adequately in the methodology employed by the district court at the time that Howard and Pointer were sentenced.

## II

## DISCUSSION

Messrs. Howard and Pointer both submit that, by virtue of Amendment 599, the term of imprisonment for their offense was reduced after they were sentenced and that they therefore deserve a reduction of their term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).[3] Specifically, the defendants contend that Amendment 599 to the Guidelines modified the commentary for U.S.S.G. § 2K2.4 pertaining to the use of a firearm in relation to certain crimes. The defendants acknowledge that Amendment 599 does not incorporate explicitly the non-retroactive formula adopted in Amendment 489. They nevertheless contend that Amend-

---

[3] In relevant part the statute provides:

(c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

. . .

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

ment 599 implicitly incorporates the methodology set forth in Amendment 489. Consequently, the defendants submit, the district court should have re-calculated their sentences within the framework established by Amendment 489. This procedure would have permitted the district court to consider conduct-related enhancements for the underlying offense in the context of a discretionary upward departure.

An interpretation of the United States Sentencing Guidelines and amendments presents a question of law that we reviewed de novo. *See United States v. Neal*, 46 F.3d 1405, 1407 (7th Cir. 1995) *aff'd*, *Neal v. United States*, 516 U.S. 284 (1996).

## A. Double Counting Generally

An individual who uses, brandishes or discharges a firearm in the course of committing a robbery faces an enhancement of his sentence in one of two ways. First, a sentencing court may enhance the sentence for robbery according to Guideline § 2B3.1(b)(2) that addresses weapon enhancements for robbery. *See* U.S.S.G. § 2B3.1(b)(2); *United States v. White*, 222 F.3d 363, 373 (7th Cir. 2000) (discussing the alternate enhancement procedures). Alternatively, because robbery is a crime of violence, the individual charged with robbery may be charged also with a separate violation of 18 U.S.C. § 924(c). This section provides a mandatory consecutive 60-month sentence for any person who uses or carries a firearm in furtherance of a crime of violence or drug trafficking offense.[4] The Government is free to pro-

---

[4] 18 U.S.C. § 924(c) provides in relevant part that

> any person who, during and in relation to any crime of
> (continued...)

ceed under either method of enhancement. *White*, 222 F.3d at 373. However, if both the Guideline weapon enhancements for robbery and the sentence for § 924(c) are imposed, the combination effectively double counts the use of the firearm. *See* U.S.S.G. § 2K2.4, cmt. n.2 (1992); *United States v. Mrazek*, 998 F.2d 453, 454 (7th Cir. 1993) (noting that a § 924(c) conviction precludes weapon enhancements).

## B.  Original Sentencing Procedure

When the district court sentenced Mr. Howard and Mr. Pointer, the Guidelines contained a procedure to avoid such double counting. *See* U.S.S.G. § 2K2.4, cmt. n.2 (1992).[5] The district court, aware of the potential for double counting, employed that methodology.

---

[4] (...continued)

> violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years.

[5] The commentary in § 2K2.4 provided,

> Where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of a firearm (e.g., §2B3.1(b)(2)(A)-(F) (Robbery)), is not to be applied in respect to the guidelines for the underlying offense.

U.S.S.G. § 2K2.4, cmt. n.2 (1992).

Under this earlier version of § 2K2.4, the general rule prohibited the application of the specific offense characteristics for the possession, use or discharge of a firearm to the underlying offense when an individual was also convicted of a § 924(c) violation. *See* U.S.S.G. § 2K2.4, cmt. n.2 (1992).

However, there was an exception to this general prohibition against applying the specific offense characteristics relating to weapon enhancements. The commentary at that time provided an alternate procedure to be employed whenever the underlying conviction without enhancements together with the § 924(c) conviction resulted in a shorter sentence than would have been imposed if the defendant had not been charged under § 924(c) and the guideline weapon enhancements had been employed. *See* U.S.S.G. § 2K2.4, cmt. n.2, ¶ 2 (1992).[6] This exception applied to Mr. Howard and Mr. Pointer. The district court therefore started with the base offense level of 20 for the underlying robbery offense. Then, various guideline enhancements were added for specific offense characteristics, one of which was for

---

[6] The second paragraph of § 2K2.4, cmt. n.2 (1992), indicated that paragraph one's normal calculation procedure applied except

> where the maximum of the guideline range from Chapter Five, Part A (Sentencing Table) determined by an offense level adjusted under the procedure described in the proceeding paragraph, plus the term of imprisonment required under 18 U.S.C. § 924(c) . . ., is less than the maximum of the guideline range that would apply to the underlying offense absent such adjustment, the procedure described in the proceeding paragraph does not apply. Instead, the guideline range applicable to the underlying offense absent such adjustment is to be used after subtracting the term of imprisonment imposed under 18 U.S.C. § 924(c) . . . from both the minimum and maximum of such range.

conduct related to the discharge of a weapon. Next, following the guideline procedure in § 2K2.4, the district court subtracted 60 months from the maximum and minimum guideline range of the robbery sentence to avoid any double counting. *See* Howard PSR at ¶ 104; Pointer PSR at ¶ 79. Finally, the district court imposed a 60-month consecutive sentence for the § 924(c) offense. R.53; *see* U.S.S.G. § 2K2.4, cmt. n.2 (1992). This 60-month subtraction procedure eliminated the double-counting problem inherent in using the weapon enhancements with a separate § 924(c) conviction. *See United States v. Johnson-Dix*, 54 F.3d 1295, 1310-11 (7th Cir. 1995) (holding that the 60-month subtraction method was not impermissible double counting).

## C. Amended 489 Procedure

In November of 1993, a new method of dealing with the double-counting problem in these exceptional cases was implemented.[7] The 1993 Guidelines left unchanged the

---

[7] The first paragraph of Application Note 2 was left unchanged, but paragraph 2 was replaced by the text below:

In a few cases, the offense level for the underlying offense determined under the preceding paragraph may result in a guideline range that, when combined with the mandatory consecutive sentence under 18 U.S.C. § 844(h), § 924(c), or § 929(a), produces a total maximum penalty that is less than the maximum of the guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § 844(h), § 924(c), or § 929(a) (i.e., the guideline range that would have resulted if the enhancements for possession, use, or discharge of a firearm had been applied). In such a case, an upward departure may be warranted so that the conviction under 18 U.S.C. § 844(h), § 924(c), or § 929(a) does
(continued...)

general prohibition against applying specific offense characteristics for the possession, use, or discharge of a firearm to the underlying offense when there was also a separate § 924(c) conviction.[8] U.S.S.G. § 2K2.4, cmt. n.2 (1993). However, when the underlying conviction (without the guideline enhancements for the specific offense characteristics for the possession, use, or discharge of a firearm) and the § 924(c) conviction produced a shorter sentence than the underlying conviction with its enhancements but without the § 924(c) conviction, a new method of calculation was to be used. *See* U.S.S.G. app. C, amend. 489. Under the new method, the weapon enhancements are not added to the underlying offense, but the § 924(c) sentence is immediately added. The district court may then determine that it will depart upwardly because the resulting sentence does not adequately represent the gravity of the defendant's actions. *See* U.S.S.G. § 2K2.4, cmt. n.2 (1993); *see also United States v. Banks Giombetti*, 245 F.3d 949, 953-54 (7th Cir. 2001) (describing the upward departure procedure while upholding the court's upward departure); *United States v. Ledford*, 218 F.3d 684, 689 n.1 (7th Cir. 2000) (noting that the upward departure calculation procedure ensured the defendant did not

---

[7]  (...continued)

> not result in a decrease in the total punishment. An upward departure under this paragraph shall not exceed the maximum of the guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § 844(h), § 924(c), or § 929(a).

U.S.S.G. § 2K2.4, cmt. n.2 (1993).

[8]  A violation of § 924(c) then, and today, requires a person to use or carry a firearm "in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States." 18 U.S.C. § 924(c).

get a more lenient sentence with the § 924(c) conviction); *United States v. Seawood*, 172 F.3d 986, 990 (7th Cir. 1999) (recognizing that Application Note 2 to § 2K2.4 permits an upward departure in circumstances where the § 924(c) conviction would result in a shorter sentence). This upward departure replaces the former 60-month subtraction procedure for those few exceptional cases. Amendment 489 was not made retroactive. *See* U.S.S.G. § 1B1.10(c) (listing amendments that are intended to be retroactive). Amendment 489 merely "simplifie[d] the operation of §2K2.4 in order to reduce erroneous application" of that guideline sentencing provision. U.S.S.G. app. C, amend. 489 (1993) (explaining the amendments to the commentary of § 2K2.4).

### D.  Amendment 599

Later, on November 1, 2000, Amendment 599 modified the commentary to U.S.S.G. § 2K2.4. In contrast to Amendment 489, Amendment 599 was made retroactive. *See* U.S.S.G. § 1B1.10(c). Mr. Howard and Mr. Pointer submit that this amendment makes available the procedure of a discretionary upward departure. In their view, Amendment 599 must be read in conjunction with Amendment 489. When read in this fashion, the retroactive Amendment 599 incorporates the discretionary upward departure procedure and makes it available to their sentences.

Amendment 599 struck the first paragraph of the commentary which generally had instructed sentencing courts not to apply "specific offense characteristics for the possession, use, or discharge of an explosive or firearm (e.g., § 2B3.1(b)(2)(A)-(F) (Robbery))" to an "underlying offense" when there was a separate § 924(c) conviction. Amendment 599 then added two new paragraphs that included the same

general admonition against double counting but added some clarifications to explain when double counting exists.[9]

---

[9] Amendment 599 changed the first paragraphs of Application Note 2 to read:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c). However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.

> If the explosive or weapon that was possessed, brandished, used, or discharged in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under §2K1.3(b)(3) (pertaining to possession of explosive material in connection with another felony offense) or §2K2.1(b)(5) (pertaining to possession of any firearm or ammunition in connection with another fel-
> <span style="float:right">(continued...)</span>

*See* U.S.S.G. § 2K2.4, cmt. n.2 (2000);[10] *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002); *see also United States v. Diaz*, 248 F.3d 1065, 1106-07 (11th Cir. 2001) ("The first sentence of the new application note reinforces what courts have always known—when a defendant is convicted of a § 924(c) violation and an underlying offense, the *defendant's* possession of a weapon cannot be used to enhance the level of the underlying offense.").

Amendment 599 did not purport to incorporate the procedures of Amendment 489. Amendment 599 simply clarifies when a defendant should receive weapon enhancements for conduct other than the "underlying offense" when also convicted under § 924(c). Amendment 599 explains what conduct qualifies as the "underlying offense" and, correlatively, when "other offenses" fall outside the § 2K2.4

---

[9] (...continued)

> ony offense), do not apply that enhancement. A sentence under this guideline accounts for the conduct covered by these enhancements because of the relatedness of that conduct to the conduct that forms the basis for the conviction under 18 U.S.C. § 844(h), § 924(c) or § 929(a). For example, if in addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. § 922(g), the enhancement under §2K2.1(b)(5) would not apply.

U.S.S.G. § 2K2.4, cmt. n.2 (2000). The 2000 Guidelines retained what Amendment 489 first provided as paragraph two; following Amendment 599 the text was included in the commentary as paragraph three.

[10] In 2002, Application Note 2 was moved to Application Note 4. We will refer to this text as Application Note 2 so as to harmonize our references with those of the parties, reflecting the 2000 Guidelines, in which Amendment 599 first appeared.

prohibition. It clarifies the definition of "underlying of-
fense" to include relevant conduct. It also delineates "under
what circumstances defendants sentenced for violations of
18 U.S.C. § 924(c) in conjunction with convictions for other
offenses may receive weapon enhancements contained in
the guidelines for those other offenses." U.S.S.G. app. C,
amend. 599, reasons for amendment. These "other offenses"
that do not qualify as "underlying offenses" may provide
the basis of weapon enhancements.[11]

### E. Section 2K2.4 Today

Section 2K2.4 continues to generally prohibit the appli-
cation of specific offense characteristics relating to pos-
session, brandishing, use, or discharge of a firearm to the
underlying offense. Amendment 489 addressed the excep-
tional procedure for applying enhancements in a limited
situation in which a total sentence for an underlying offense
and a § 924(c) offense is less than the defendant would have
received for the underlying offense with guideline enhance-
ments but without a § 924(c) conviction. Amendment 599
did not speak to this situation and its concomitant excep-

---

[11] *See* U.S.S.G. § 2K2.4, cmt. n.2 (2000) (explaining that if a
defendant was convicted of two armed bank robberies but
convicted under § 924(c) for only one of the armed robberies,
a weapon enhancement would be permissible for the "bank
robbery that was not the basis for the 924(c) conviction," but
impermissible if the defendant committed an ongoing drug traf-
ficking offense and possessed a separate gun for which he was
not convicted for under § 924(c)); *United States v. Mrazek*, 998 F.2d
453, 455 (7th Cir. 1993) (applying guideline weapon enhance-
ments for two robberies and a statutory § 924(c) enhancement for
a third).

tional procedures. Rather, it clarified generally the underlying offenses to which a district court can apply weapon enhancements when the defendant is convicted under § 924(c). We believe that the Eleventh Circuit was correct in its estimation that Amendment 489's substitution of an upward departure for the previous subtraction procedure was not made retroactive and that the subsequent promulgation of Amendment 599 does not now make the provision retroactive. *See United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002).

The possibility of double counting was recognized and effectively neutralized in the approach employed in the defendants' sentencing. *See United States v. Johnson-Dix*, 54 F.3d 1295, 1310-11 (7th Cir. 1995) (holding that the 60-month subtraction method was not impermissible double counting). The later-implemented Amendment 489 perhaps would have given them an extra opportunity to avoid additional punishment by making any further punishment the subject of an upward departure rather than part of the sentencing calculation. However, it was not required to avoid double counting and was not made retroactive. As we have noted earlier, Amendment 489 "simplifie[d] the operation of §2K2.4 in order to reduce erroneous application" of that provision. U.S.S.G. app. C, amend. 489 (1993) (explaining the amendments to the commentary of § 2K2.4). Any error in the application of that guideline was correctable on appeal regardless of Amendment 489. Furthermore, the defendants do not allege that the district court erroneously applied the previous sentencing guidelines at the time of their initial sentencing calculation.

## Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.


A true Copy:

Teste:


_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*