# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 02-2283

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT ALCALA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 97 CR 174—**Rudy Lozano**, Judge.

_____

ARGUED SEPTEMBER 9, 2003—DECIDED DECEMBER 19, 2003

_____


Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge. Robert Alcala was charged in a four-count indictment, and pleaded guilty to, conspiracy to affect commerce by threats of violence (extortion) and to using and carrying a firearm during and in relation to a crime of violence. Mr. Alcala was sentenced to 123 months of imprisonment. He subsequently filed, pursuant to 18 U.S.C. § 3582(c)(2), a motion to modify his term of imprisonment. He argued that Amendment 599 to the United States Sentencing Guidelines was retroactive and applied to his case. On May 3, 2002, the district court denied Mr. Alcala's

motion. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

# I

# BACKGROUND

## A. Facts

In November 1997, Robert Alcala and Ronald Ortega, intending to collect an $8,000 drug debt, went to a Hammond, Indiana apartment. During their uninvited visit, Mr. Alcala hit one occupant on the head with a gun and threatened to kill everyone present. Mr. Alcala and Ortega restrained and blindfolded the individual for whom they had searched. They then transported him to Mr. Alcala's place of employment. Once there, they confined and tortured him. Mr. Alcala and his confederate finally released the victim, bound and gagged, on a street corner of Chicago.

In December 1998, Mr. Alcala pleaded guilty to two counts: (1) conspiracy to affect commerce by threats of violence, 18 U.S.C. § 1951; and (2) using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). Mr. Alcala was sentenced on December 10, 1998, under the 1997 United States Sentencing Guidelines Manual. The district court imposed a total sentence of 123 months' imprisonment, including 63 months for the § 1951 conviction and 60 months for the § 924(c) conviction. The sentences were to run consecutively. The district court calculated the § 1951 sentence by starting at a base offense level of 18 and then adding four specific offense characteristic enhancements: (1) express or implied threat of bodily injury or death, U.S.S.G. § 2B3.2(b)(1); (2) the ability to carry out a threat of bodily injury or death, U.S.S.G.

§ 2B3.2(b)(3)(B); (3) bodily injury sustained by the victim, U.S.S.G. § 2B3.2(b)(4)(A); and (4) abduction of a person to facilitate commission of the offense, U.S.S.G. § 2B3.2(b)(5)(A). Notably, the district court did not apply an enhancement pursuant to U.S.S.G. § 2B3.2(b)(3)(A) for carrying a firearm because Mr. Alcala had been convicted of the separate § 924(c) conviction that required a consecutive sentence. The enhancements imposed for the conspiracy charge increased the offense level to 29, but three levels were then subtracted  for accepting responsibility to produce a total offense level of 26.

## B.  District Court Proceedings

In March 2002, Mr. Alcala filed a motion to modify the term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).[1] Mr. Alcala contended that, at the original sentencing proceeding, he had been subject to double counting when

---

[1] The statute provides:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

the district court applied several enhancements to his extortion conviction and then imposed a consecutive sentence for a violation of § 924(c). He believed that Amendment 599 to the sentencing guidelines, which was retroactive, addressed that problem and required a reduction in his sentence. The district court denied the motion.

The district court recognized that the statutory section under which the motion was brought, 18 U.S.C. § 3582(c)(2), permitted the district court to reassess a sentence when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission." Turning to Mr. Alcala's contention, the district court held that Amendment 599, amending Application Note 2[2] to § 2K2.4, did not aid Mr. Alcala. In examining U.S.S.G. § 2K2.4, which addresses convictions under 18 U.S.C. § 924(c), the district court noted that, before Amendment 599, the Sentencing Commission already had provided guidance for sentencing courts in imposing a § 924(c) conviction when additional enhancements for the underlying offense were also available. Under that guidance, Application Note 2 to § 2K2.4 forbade the application of any enhancements to the sentence for the underlying offense when the enhancements sought to exact punishment for discharging, using or possessing a firearm or dangerous weapon during the commission of the underlying offense. Following that guidance, in the original sentencing proceeding, the district court had not employed

---

[2]   In the 2002 version of the Sentencing Guidelines, the text of this note has been moved to Application Note 4. *See* U.S. Sentencing Guidelines Manual § 2K2.4, cmt. n.4 (2002).

U.S.S.G. § 2B3.2(b)(3)(A),[3] which deals with offense characteristics for the underlying offense of extortion, to enhance Mr. Alcala's sentence. Accordingly, because Mr. Alcala's contention that he had been subject to double counting was groundless, the district court declined to modify the term of his imprisonment.

## II

## DISCUSSION

Mr. Alcala submits that the district court erred in failing to modify his sentence based on Amendment 599. Noting that this amendment is retroactive, he contends that all four enhancements that were imposed in the calculation of his sentence are impermissible because they involve substantially the same harm as a § 924(c) conviction. The interpretation of the United States Sentencing Guidelines and amendments presents a question of law that we review de novo. *See United States v. White*, 222 F.3d 363, 372 (7th Cir. 2000). The "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

The commentary to the Guidelines, § 2K2.4 as amended by Amendment 599, instructs that, when a consecutive § 924(c) sentence "is imposed in conjunction with a sentence for an underlying offense, [the sentencing court should] not apply any specific offense characteristic for possession,

---

[3] This section enumerates specific offense characteristics and their attendant enhancements when a firearm is discharged, brandished, displayed, possessed, or otherwise used.

brandishing, use or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. § 2K2.4, cmt. n.4 (2002). The commentary continues on to explain that a sentence under § 924(c), § 2K2.4 of the Guidelines, "accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." *Id.*

In our recent decision in *Howard*, we had occasion to explain at significant length the role of Amendment 599. We wrote:

> Amendment 599 did not purport to incorporate the procedures of Amendment 489. Amendment 599 simply clarifies when a defendant should receive weapon enhancements for conduct other than the "underlying offense" when also convicted under § 924(c). Amendment 599 explains what conduct qualifies as the "underlying offense" and, correlatively, when "other offenses" fall outside the § 2K2.4 prohibition. It clarifies the definition of "underlying offense" to include relevant conduct. It also delineates "under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." U.S.S.G. app. C, amend. 599, reasons for amendment. These "other offenses" that do not qualify as "underlying offenses" may provide the basis of weapon enhancements.

*United States v. Howard*, No. 02-1024, slip op. at 13-14 (7th Cir. 2003).

Indeed, Mr. Alcala received the specific benefit of Amendment 599, albeit in a manner different from the one he

suggests in his brief. The § 924(c) charge of which Mr. Alcala was convicted identified the offense of kidnapping as the underlying offense. Mr. Alcala, however, was not convicted of kidnapping. The only other offense of which he was convicted was conspiracy to commit extortion. However, the conspiracy to commit extortion was, under the facts of this case, conduct closely related to the kidnapping and, indeed, both the kidnapping and the extortion constituted substantially the same harm. Amendment 599 makes clear that it would have been improper for the sentencing court to apply a sentencing guidelines enhancement under the extortion guideline for possession, brandishing, use or discharge of a firearm simply because the § 924(c) count of the indictment referenced the kidnapping charge rather than the conspiracy to commit extortion.

Accordingly, we must conclude that Mr. Alcala cannot prevail on this motion under 18 U.S.C. § 3582(c)(2). He was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

Finally, we note that Mr. Alcala submits that the district court erred during the original sentencing proceeding by imposing sentencing enhancements based on his committing the underlying offense, conspiracy to commit extortion. He claims that, although these enhancements were not based specifically on his possessing, brandishing, using or discharging a firearm, they were based on conduct so intimately related to his possession of the firearm as to be precluded under the commentary to sentencing guideline § 2K2.4. Indeed, the Government believes that one of his claims is meritorious. Because we have determined that Amendment 599 does not address these arguments, we may not deal with them in this motion based on 18 U.S.C. § 3582(c)(2). We express no opinion as to the merits of these

arguments or as to whether Mr. Alcala has any other avenue of judicial or executive recourse available to him.

## Conclusion

Accordingly, the judgment of the district court is affirmed.

AFFIRMED

A true Copy:

Teste:

_____

*Clerk of the United States Court of
Appeals for the Seventh Circuit*