Christopher V. Langone, Chicago, IL, for Plaintiffs–Appellants.

Scott C. Sullivan, Williams & McCarthy, Rockford, IL, for Defendant–Appellee.

Before MANION, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Juli and Danny Bryan sued Belvidere National Bank in federal court for violations of federal and state consumer protection laws resulting from a state foreclosure action. The district court dismissed the case for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine, *see Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), commenting in its opinion that dismissal would alternatively be appropriate under the doctrine of res judicata. The Bryans appeal, and although they concede that *Rooker–Feldman* bars their suit, *see Taylor v. Fed. Nat'l Mortgage*, 374 F.3d 529 (7th Cir.2004), they ask us to vacate the part of the district court's opinion regarding res judicata so that, if they choose to pursue the claim in the future, no state court will misinterpret that language as a ruling on the merits. Yet a "suit dismissed for lack of jurisdiction cannot *also* be dismissed ... on the merits." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir.2004); *see Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004). Therefore, when a district court dismisses a suit for lack of subject matter jurisdiction under *Rooker–Feldman*, the disposition is "is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits." *Frederiksen*, 384 F.3d at 438. Here, the district court's judgment and its order specify that dismissal was for lack of subject matter jurisdiction, so the court could not have rendered a decision based also on res judicata. The Bryans have no cause for concern.

AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Timothy L. JOHNSON, Defendant–Appellant.**

No. 04–2259.

United States Court of Appeals, Seventh Circuit.

**860**

Submitted Feb. 2, 2005.*

Decided Feb. 4, 2005.

Major R. Coleman, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

Timothy L. Johnson, Milan, MI, pro se.

Before EASTERBROOK, WOOD, and EVANS, Circuit Judges.

### Order

Timothy Johnson is before this court for a third time. We previously affirmed his convictions and sentence, see *United States v. Johnson,* 137 F.3d 970 (7th Cir. 1998), and the denial of his motion under 28 U.S.C. § 2255, see *Johnson v. United States,* No. 99–3762 (7th Cir. Jan. 5, 2001) (unpublished order). Last year he asked the district court to reduce his sentence under 18 U.S.C. § 3582(c), which permits this relief when the Sentencing Commission has authorized it by making a retroactive change in the Guidelines. Johnson contended that Amendment 599 applies to his situation. The district judge concluded, however, that although Amendment 599 is retroactive it is unrelated to Johnson's sentence, so his motion was denied.

Johnson is serving concurrent sentences of 300 months for conspiring to distribute cocaine and 120 months for possessing a firearm despite a felony conviction. The felon-in-possession conviction, which rests on 18 U.S.C. § 922(g), has no effect on the total length of Johnson's confinement. The 300–month sentence, calculated under U.S.S.G. § 2D1.1, includes an enhancement of two levels because Johnson possessed a weapon in connection with his drug dealing. See U.S.S.G. § 2D1.1(b)(1). It is this enhancement that Johnson believes must be reexamined after Amendment 599.

* This successive appeal has been submitted to the same panel that handled earlier matters. See Operating Procedure 6(b). We have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Yet Amendment 599 did not change § 2D1.1. The amendment revised the commentary to U.S.S.G. § 2K2.4, which deals with sentences under 18 U.S.C. § 924(c). See generally *United States v. Alcala,* 352 F.3d 1153 (7th Cir.2003); *United States v. Howard,* 352 F.3d 332 (7th Cir.2003). Johnson has not been convicted of violating § 924(c), and the district judge did not employ § 2K2.4. Moreover, as we observed in *Alcala* and *Howard,* the point of Amendment 599 is to avoid double counting when a firearms conviction is coupled with a gun enhancement under some other provision. That can be a challenge under § 924(c), which requires consecutive sentences. Sentences under § 922(g), by contrast, can be concurrent, which avoids any problem. In assessing the 300–month sentence, the district court counted the weapon only once, and in precisely the way the Sentencing Commission authorized.

AFFIRMED