**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 18, 2006
Decided April 24, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3973

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | |
| | No. IP 94-CR-36-01 |
| DAVID WARD, *Defendant-Appellant.* | John D. Tinder, *Judge.* |

**O R D E R**

David Ward sought, pursuant to 18 U.S.C. § 3582, a reduction of his overall sentence of 240 months imposed in 1995 for armed bank robbery, *id*. § 2113(a), (d), possessing a firearm as a felon, *id*. § 922(g), and using a firearm in connection with the commission of a crime of violence, *id*. § 924(c). Ward argued that Amendment 599 to the guidelines, which addresses double counting and was made retroactive by U.S.S.G. § 1B1.10(c), altered his applicable guideline range. The district court denied the motion and Ward appeals. We affirm.

Ward was named in a multi-count indictment in February 1994. In October 1995, he entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(e)(1)(c). In the agreement Ward pleaded guilty to armed bank robbery

(Count 1), possessing a firearm as a felon (Count 3), and using a firearm in connection with a crime of violence (Count 2). The agreed sentence was 180 months for Counts 1 and 3 and 60 months for Count 2, to run consecutively. Ward also stipulated in the plea agreement that he committed five other armed bank robberies, and that the court "shall treat these additional offenses as if he had been convicted of them."

The parties agree that Ward's adjusted offense level for the armed robbery was 22—his base offense level 20 was increased by two levels because he took the property of a financial institution—and that his criminal history category was VI, yielding a guideline range of 84 to 105 months' imprisonment on that count. The parties apparently reach the agreed sentence of 180 months for Counts 1 and 3 by calculating a *theoretical* guidelines range that would have applied had Ward been convicted of the five additional robberies that he stipulated he committed. Taking into account those robberies, his total offense level was determined based on the multiple-count adjustment in U.S.S.G. § 3D1.1–.4:

|  | Offense Level | Units |
|---|---|---|
| Offense Level for Counts 1 & 3 | 22 | ½ |
| Offense Level for 9/23/93 Robbery | 27 | 1 |
| Offense Level for 9/27/93 Robbery | 27 | 1 |
| Offense Level for 10/5/93 Robbery | 27 | 1 |
| Offense Level for 10/13/93 Robbery | 27 | 1 |
| Offense Level for 10/19/93 Robbery | 27 | 1 |
| Total number of Units |  | 5½ |
| Greater Adjusted Offense Level | 27 |  |
| Increase in Offense Level | +5 |  |
| Combined Adjusted Offense Level | 32 |  |
| Adjustment for Acceptance of Responsibility | -2 |  |
| Adjustment for Acceptance of Responsibility | -1 |  |
| Total Offense Level | 29 |  |

The offense level assigned to each of the five stipulated robberies was, in turn, based on the following calculation, pursuant to the robbery guideline, U.S.S.G. § 2B3.1:

| Base offense level for armed robbery | 20 |
|---|---|
| Financial institution increase | +2 |
| Brandishing a firearm increase | +5 |
| Total | 27 |

Thus, Ward's theoretical guidelines range, had he been convicted of the five additional armed robberies, was 150 to 188 months' imprisonment. The agreed

sentence of 180 months for Counts 1 and 3 is in this theoretical range.  The district court accepted the plea agreement and entered that agreed imprisonment term on Counts 1 and 3, plus the consecutive 60-month term on Count 2.

In July 2005 Ward asked the district court to reduce his sentence under 18 U.S.C. § 3582.  His argument, based on the Sentencing Commission's passage of Amendment 599, challenged the five-level increase for brandishing a firearm that was applied to each of the stipulated armed robberies in the theoretical calculation.  Ward reasoned that those adjustments constituted double-counting because he was also charged with using a firearm in connection with a crime of violence, 18 U.S.C. § 924(c).  The district court denied his motion, reasoning that Ward received a "Guidelines enhancement for the armed bank robbery conviction, but not for either of the other offenses."  Thus, because Ward used a gun in the commission of several offenses (the one armed robbery to which he pleaded guilty and the five stipulated armed bank robberies), the court reasoned it was not double counting for him to "receive a § 924(c) penalty for one of the underlying crimes and a Guidelines enhancement for the other."

Ward's appeal of the denial of the motion is without merit.  We review a district court's interpretation of a sentencing guideline amendment *de novo*.  *See United States v. Alcala*, 352 F.3d 1153, 1156 (7th Cir. 2003).  Though the district court focused its analysis on the propriety of applying the firearm adjustments in calculating the *theoretical* guidelines range, Ward is limited to arguing that Amendment 599 would have affected his actual sentencing range.  *See* 18 U.S.C. § 3582(c)(2) (allowing for resentencing "in the case of a defendant who has been sentenced to a term of imprisonment based on a *sentencing range* that has subsequently been lowered by the Sentencing Commission" (emphasis added)).  The adjustment was never applied in calculating Ward's *actual* guidelines range; it was applied only in crafting the theoretical guidelines calculation that guided the court's upward departure, pursuant to the Rule 11 agreement, from Ward's guidelines range of 84 to 105 months.  Thus, his *sentencing range* was not increased by a firearm adjustment, and § 3582 does not offer a basis to adjust his sentence.

Even if Ward could challenge the theoretical guidelines range, because it guided the court's upward departure, Amendment 599 would not have affected the calculation.  Amendment 599 became effective in November 2000 and addresses instances of double counting a defendant's use of a firearm.  We have twice examined its effect, for purposes of § 3582 motions, in published opinions.  *See Alcala*, 352 F.3d at 1156; *United States v. Howard*, 352 F.3d 332 (7th Cir. 2003).  We observed:

> Amendment 599 simply clarifies when a defendant should receive
> weapon enhancements for conduct other than the "underlying offense"

when also convicted under § 924(c).  Amendment 599 explains what
conduct qualifies as the "underlying offense" and, correlatively, when
"other offenses" fall outside the § 2K2.4 prohibition.  It clarifies the
definition of "underlying offense" to include relevant conduct.  It also
delineates "under what circumstances defendants sentenced for
violations of 18 U.S.C. § 924(c) in conjunction with convictions for
other offenses may receive weapon enhancements contained in the
guidelines for those other offenses."  U.S.S.G. app. C. amend. 599,
reasons for amendment.  These "other offenses" that do not qualify as
"underlying offenses" may provide the basis of weapon enhancements.

*Howard*, 352 F.3d at 338 (7th Cir. 2003).

The upward adjustments for brandishing firearms that were included in
Ward's theoretical guidelines calculation were applied only to his five additional
robberies, and thus do not constitute double counting.  As we recognized in *Howard*,
Amendment 599 clarified that it would be double counting to apply an upward
adjustment to the offense underlying a separate § 924(c) conviction.  Here, however,
the underlying offense for purposes of § 924(c) was the armed robbery to which
Ward pleaded guilty.  His offense level for that armed robbery did not include an
upward adjustment for brandishing a firearm.  And none of the other armed bank
robberies resulted in a parallel conviction under § 924(c)(1).  Thus, Amendment 599
would not have affected Ward's theoretical guidelines range.

AFFIRMED.