**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 20, 2008
Decided May 2, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-2339

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division |
| v. | |
| | No. 01 CR 1143 |
| LEOBARDO RIOS, | |
| *Defendant-Appellant.* | Ruben Castillo, *Judge.* |

**O R D E R**

In 1997 Leobardo Rios supplied Robert Rodriguez-Garcia, a drug dealer, with nearly a kilogram of heroin. Rodriguez-Garcia was arrested that night, but Rios eluded capture for the next nine years. When he finally was found in 2006, he too was arrested, having been indicted in 2001 for possession of heroin with intent to distribute, see 18 U.S.C. § 841(a)(1), and possession of a firearm after a felony conviction, see *id.* § 922(g)(1). In March 2007 a jury found Rios guilty of both charges. He was sentenced at the low end of the guidelines range to 121 months' imprisonment. Rios filed a notice of appeal, but his

appointed counsel has moved to withdraw because he is unable to find a nonfrivolous basis for appeal. See *Anders v. California*, 386 U.S. 738 (1967). We invited Rios to respond to counsel's motion, see CIR. R. 51(b), and he has done so. Our review is limited to the potential issues identified in counsel's facially adequate brief and Rios's response. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In September 1997 an undercover DEA agent agreed to buy a kilogram of heroin from Rodriguez-Garcia. On the day of the sale, Rordiguez-Garcia told the agent that he needed to pick up the heroin from his supplier and would then meet the agent to complete the sale. A few minutes after that conversation, a second agent, who was keeping watch on Rodriguez-Garcia, saw a Chevrolet Caprice drive up behind his house. The agent watched Rodriguez-Garcia get into the passenger seat and noted that he had nothing in his hands. The agent followed the Caprice as it drove around the surrounding blocks without stopping, but he could not see inside the car. The Caprice soon returned to the house, where the agent saw Rodriguez-Garcia get out of the car, now clutching an object at his side. The driver of the Caprice then conducted what the agent believed to be "counter-surveillance": he drove about a block away and waited until Rodriguez-Garcia drove directly by in his own car. Rodriguez-Garcia immediately met up with the undercover agent, attempted to sell him nearly a kilogram of heroin, and was arrested. Meanwhile, the other agent followed the Caprice and saw its driver enter a bar. The driver never returned to the car and could not be found inside the bar. Agents towed the car and found $15,000 in cash in a secret compartment and an unloaded handgun in a second secret compartment. The agents later determined that the Caprice belonged to Rios based on several documents that were found in the car and interviews with his family members.

In his *Anders* submission, counsel first considers whether Rios could challenge the sufficiency of the evidence underlying his convictions. In doing so, Rios would face a "nearly insurmountable" burden. *United States v. Mendoza,* 510 F.3d 749, 752 (7th Cir. 2007). We would reverse only if "the record contains no evidence, regardless of how it is weighed," from which the jury could have concluded beyond a reasonable doubt that he was guilty. *United States v. Gougis*, 432 F.3d 735, 744-45 (7th Cir. 2005) (internal quotation marks and citation omitted). Counsel suggests that Rios might argue that the government failed to prove that he possessed—actually or constructively—the heroin or the gun found in the Caprice. See *United States v. Caldwell,* 423 F.3d 754, 757-58 (7th Cir. 2005); *United States v. Starks,* 309 F.3d 1017, 1022 (7th Cir. 2002).

That argument, however, would go nowhere on this record. The government's evidence on the drug charge included Rios's fingerprints on the heroin's packaging. For the weapons charge, the government needed to prove only that Rios had a "substantial connection" to the Caprice. See *United States v. Brown,* 328 F.3d 352, 355 (7th Cir. 2003). The

government's evidence for this purpose included: the testimony of Rios's sister that she sold the Caprice—which then had no secret compartments—to Rios several years prior to 1997 (although it remained in her name); the testimony of his sister and his niece, with whom Rios lived, that he was the only person who drove the car from then on, including in September 1997; numerous documents that were recovered from the car, all of which bore Rios's name and were dated around the time of the transaction, including a parking violation notice, insurance papers, pay statements, invoices, receipts, and mail; and the surveillance agent's identification of Rios, in a family photo, as the man the agent saw get out of the Caprice and go into the bar. This evidence is sufficient to connect Rios to the Caprice. See *Caldwell,* 423 F.3d at 758; *United States v. Harris*, 325 F.3d 865, 869-70 (7th Cir. 2003).

Counsel next considers arguing that the district court erred by refusing to instruct the jury that, in order to convict Rios under § 922(g), the government was required to prove that his possession of a firearm substantially affected interstate commerce. Counsel conceded below that such an instruction does not reflect the law in our circuit and that he proposed the instruction simply to preserve a constitutional challenge to § 922(g). We have, as counsel acknowledges, consistently rejected the argument that § 922(g) is unconstitutional because it criminalizes the possession of firearms that do not substantially affect interstate commerce. See, *e.g., United States v. Van Sach*, 458 F.3d 694, 703 (7th Cir. 2006); *United States v. Olson*, 408 F.3d 366, 372-73 (7th Cir. 2005); *United States v. Bass*, 325 F.3d 847, 849 (7th Cir. 2003); *United States v. Lemons*, 302 F.3d 769, 772-73 (7th Cir. 2002). Counsel is unable to identify any argument not already considered and rejected in those cases, and so he correctly concludes that pursuing this challenge to the jury instructions in this court would be frivolous.

The remaining potential issues arise from Rios's sentencing. Counsel first questions whether the district court properly increased Rios's offense level on the drug charge based on the gun found in his car. See U.S.S.G. § 2D1.1(b)(1). At sentencing, counsel argued unsuccessfully that applying this adjustment would amount to "double counting" because Rios had been convicted of being a felon in possession of the same gun. But Rios's felon-in-possession conviction had no effect on the total length of his prison sentence because his sentences were ordered to run concurrently. It is settled that a defendant who is convicted of being a felon in possession of a firearm under § 922(g) – a statute under which a concurrent sentence is possible, see § 924(a)(2) – may have his sentence on a separate conviction (like Rios's § 841(a)(1) conviction for possession with intent to distribute) adjusted for possessing the same weapon in conjunction with the latter offense. See generally *United States v. Alcala*, 352 F.3d 1153, 1156-57 (7th Cir. 2003); see also *United States v. Johnson,* 122 Fed. Appx. 859, 860 (7th Cir. 2005). Counsel is therefore correct to reject this argument as frivolous.

Counsel next considers whether Rios could challenge the reasonableness of his overall prison sentence and correctly concludes that such a challenge would be frivolous. Rios's sentence is within the properly calculated guidelines range, and thus it would be presumed reasonable on appeal, see *United States v. Rita*, 127 S. Ct. 2456, 2463 (2007); *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006). Counsel is unable to articulate any reason why the presumption would be overcome. The district court gave detailed and meaningful consideration to the factors outlined in 18 U.S.C. § 3553(a), see *United States v. Laufle,* 433 F.3d 981, 987 (7th Cir. 2006), discussing in depth why he concluded that Rios's apparent flight from justice counteracted to a large extent his otherwise law-abiding lifestyle since his indictment.

Finally, Rios informs us that he wishes to argue that he received ineffective assistance of counsel. Any such claim, however, is better suited to collateral attack, at which time a full record may be developed. See *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Accordingly, counsel's motion to withdraw is GRANTED, Rios's motion for the appointment of substitute counsel is DENIED, and the appeal is DISMISSED.