NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 26, 2009[*]
Decided January 28, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-2675

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 98 CR 525 |
| RODNEY M. WHITE, | |
| *Defendant-Appellant.* | Charles P. Kocoras, |
| | *Judge.* |

**O R D E R**

Rodney White, a federal prisoner, appeals from an order denying his motion to reduce his sentence. The government has confessed error. Because the district court erred in concluding that Amendment 599 did not apply to the facts of this case, we accept the

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

government's confession, vacate the order of the district court, and remand this case for further proceedings.

In March 1999 a jury found White guilty of armed bank robbery, 18 U.S.C. § 2113(a), (d), and of using a gun during a crime of violence, *id.* § 924(c). In addition to the gun, White also displayed a fake bomb when he robbed the bank. In determining White's sentence for the robbery, the district court applied a three-level upward adjustment to his base offense level under U.S.S.G. § 2B3.1(b)(2)(E) (1998) for brandishing the fake bomb. The court then calculated White's imprisonment range for the bank robbery as 235 to 293 months and sentenced White to 293 months. The court also imposed the mandatory consecutive sentence of 60 months' imprisonment for the § 924(c) conviction. Without the increase for displaying the fake bomb, White's sentencing range for the bank robbery would have been 168 to 210 months' imprisonment. *See* U.S.S.G. ch. 5, pt. A.

White appealed, arguing that the district court erred by imposing the upward adjustment for brandishing a fake bomb given the consecutive sentence he received for using a gun during the same robbery. We rejected this argument, holding that the guidelines permitted the challenged increase because the consecutive sentence for the § 924(c) count was premised on separate conduct, i.e., the use of the gun. *See United States v. White*, 222 F.3d 363, 372-76 (7th Cir. 2000). Use of a bomb to commit a crime is punishable by a minimum of 30 years' imprisonment. *See* 18 U.S.C. § 924(c)(1). And because White's 60-month sentence for his gun conviction did not adequately account for the use of a fake bomb to the extent Congress intended, we reasoned that the district court was free to enhance White's sentence for the robbery conviction based on his use of the fake bomb. *See White*, 222 F.3d at 375-76.

After we released our opinion in *White*, the Sentencing Commission issued Amendment 599, and made it retroactive. U.S.S.G. app. C, vol. II, amend. 599 (2000); *id.* § 1B1.10. This amendment clarified the extent to which a sentencing court may impose a weapon adjustment for one offense where the defendant also has been convicted under § 924(c). Amendment 599 changed application note 2 to U.S.S.G. § 2K2.4, which governs sentencing under § 924(c).[1] White moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence on the basis of the amendment. The district court denied the motion, reasoning that because the amendment was "intended to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for substantially the same harm," *see* U.S.S.G. app. C, vol. II, amend. 599 (2000), and the harm inflicted by guns and

---

[1]In 2002, the text found in Amendment 599 was moved from application note 2 to application note 4. *See United States v. Alcala*, 352 F.3d 1153, 1156 n.2 (7th Cir. 2003).

bombs differ dramatically, White's punishments would not be predicted on the same harm. White again appeals.

An interpretation of the sentencing guidelines or an amendment is a question of law that we review de novo. *United States v. Liddell*, 492 F.3d 920, 921 (7th Cir. 2007); *Alcala*, 352 F.3d at 1156. The commentary interpreting or explaining a guideline is binding unless it violates the Constitution or federal law, or "is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993). We must decide whether Amendment 599 would have precluded application of the upward adjustment under § 2B3.1(b)(2)(E) had it been in effect at the time of White's sentencing. We conclude it would have.

Amendment 599 resolved circuit splits over the meaning of "underlying offense" and whether the adjustment could be applied for the use of multiple weapons by the defendant alone or in conjunction with an accomplice. U.S.S.G. app. C, vol. II, amend. 599 (2000). The amendment tried to harmonize the conflicting interpretations by declaring that the sentence for the § 924(c) charge "accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct)." *Id.* Because White's use of the fake bomb was relevant conduct to the underlying bank robbery offense, *see* U.S.S.G. § 1B1.3(a)(1)(A), the § 924(c) conviction "account[ed] for" the possibility of an upward adjustment under § 2B3.1(b)(2)(E). Had the amendment been in place at the time of White's sentencing imposing the upward adjustment would have been forbidden. *See United States v. Diaz*, 248 F.3d 1065, 1107 (11th Cir. 2001); *United States v. Aquino*, 242 F.3d 859, 864 (9th Cir. 2001).

The district court's order is VACATED and this case is REMANDED for consideration of whether, and to what extent, a reduction in sentence under 18 U.S.C. § 3582(c)(2) may be appropriate.