**UNITED STATES of America, Plaintiff–Appellee,**

v.

**DeAngelo A. CROSS, Defendant–Appellant.**

**No. 10–1345.**

United States Court of Appeals, Seventh Circuit.

Submitted July 22, 2010.*

Decided July 23, 2010.

---

* After examining the briefs and the record, we have concluded that oral argument is unnec-

essary. Thus, the appeal is submitted on the

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

DeAngelo A. Cross, Beaumont, TX, pro se.

Before FRANK H. EASTERBROOK, Chief Judge, RICHARD A. POSNER, Circuit Judge, DAVID F. HAMILTON, Circuit Judge.

## ORDER

DeAngelo Cross appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Specifically, he argues that Amendment 599 to the sentencing guidelines shows that he was double-punished when he was sentenced for bank robbery and under 18 U.S.C. § 924(c) for using a gun during that robbery.

Cross was sentenced after he pleaded guilty to four counts of bank robbery, 18 U.S.C. § 2113, and one count of using a firearm in furtherance of the fourth bank robbery, 18 U.S.C. § 924(c). During sentencing, the court increased the offense level for the first three bank robbery counts because Cross brandished or possessed a firearm. U.S.S.G. § 2B3.1(b)(2)(C). The court did not apply a similar increase for the fourth robbery because of instructions in an application note to U.S.S.G. § 2K2.4 that a sentence not be enhanced for use of a firearm if a defendant is also being sentenced for using a firearm under 18 U.S.C. § 924(c). U.S.S.G. § 2K2.4, cmt. n. 2 (1998).[1] The court sentenced Cross to 220 months' imprisonment on each of the first four counts, to run concurrently, and 84 months' imprisonment on the fifth count under § 924(c)(1), to run consecutively with the sentences on the first four counts. The court later denied Cross's § 3582(c) motion on grounds that Amendment 599 did not affect his sentence under § 924(c).

Cross maintains on appeal that Amendment 599 sought to shield defendants from "duplicated punishment," which occurs, he argues, when a defendant receives *both* a sentence for a violent crime in which a gun was used *and* a sentence under § 924(c) for using a gun during that crime. But Amendment 599 simply altered the application note and clarified the circumstances when a court may impose a weapon's *enhancement* for a defendant convicted of a firearm offense under § 924(c). *United States v. Alcala*, 352 F.3d 1153, 1156 (7th Cir.2003); *United States v. Howard*, 352 F.3d 332, 338 (7th Cir.2003). As amended, the application note states that "if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction." U.S.S.G. § 2K2.4, cmt. n. 4 (2009). Because Cross did not receive a weapon enhancement for the fourth bank robbery count, the district court correctly concluded that Amendment 599 did not alter Cross's sentence.

AFFIRMED.

---

briefs and the record. *See* Fed. R.App. P. 34(a)(2)(A).

1. The text of this note is now at Application Note 4. *See* U.S.S.G. app. C, amend. 642.