NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2010[*]
Decided July 23, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-1345

| | |
|---|---|
| UNITED STATES OF AMERICA | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 00-CR-36 |
| | |
| DEANGELO A. CROSS | Rudolph T. Randa, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

DeAngelo Cross appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Specifically, he argues that Amendment 599 to the sentencing guidelines shows that he was double-punished when he was sentenced for bank robbery and under 18 U.S.C. § 924(c) for using a gun during that robbery.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(A).

Cross was sentenced after he pleaded guilty to four counts of bank robbery, 18 U.S.C. § 2113, and one count of using a firearm in furtherance of the fourth bank robbery, 18 U.S.C. § 924(c).  During sentencing, the court increased the offense level for the first three bank robbery counts because Cross brandished or possessed a firearm.  U.S.S.G. § 2B3.1(b)(2)(C). The court did not apply a similar increase for the fourth robbery because of instructions in an application note to U.S.S.G. § 2K2.4 that a sentence not be enhanced for use of a firearm if a defendant is also being sentenced for using a firearm under 18 U.S.C. § 924(c).  U.S.S.G. § 2K2.4, cmt. n.2 (1998).[1]  The court sentenced Cross to 220 months' imprisonment on each of the first four counts, to run concurrently, and 84 months' imprisonment on the fifth count under § 924(c)(1), to run consecutively with the sentences on the first four counts.  The court later denied Cross's § 3582(c) motion on grounds that Amendment 599 did not affect his sentence under § 924(c).

Cross maintains on appeal that Amendment 599 sought to shield defendants from "duplicated punishment," which occurs, he argues, when a defendant receives *both* a sentence for a violent crime in which a gun was used *and* a sentence under § 924(c) for using a gun during that crime.  But Amendment 599 simply altered the application note and clarified the circumstances when a court may impose a weapon's *enhancement* for a defendant convicted of a firearm offense under § 924(c).  *United States v. Alcala*, 352 F.3d 1153, 1156 (7th Cir. 2003); *United States v. Howard*, 352 F.3d 332, 338 (7th Cir. 2003).  As amended, the application note states that "if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction."  U.S.S.G. § 2K2.4, cmt. n.4 (2009).  Because Cross did not receive a weapon enhancement for the fourth bank robbery count, the district court correctly concluded that Amendment 599 did not alter Cross's sentence.

AFFIRMED.

---

[1]The text of this note is now at Application Note 4.  *See* U.S.S.G. app. C, amend. 642.